# Exhibits
# A & B

## Federal Rule of Civil Procedure 34(b) Request for Form of Production

*1. Definitions*

1.1. The requested information items herein include electronically stored information (including associated metadata and media source data), individual documents and records whether stored on paper, tape or film, as a discrete "file" stored electronically, optically, or magnetically or as a record within a database, archive, or container file.

1.2. Requested information items may come from all data sources such as locations or media used to house information items. Data sources include places, like warehouses, file rooms, file cabinets, bankers boxes, and folders, as well as storage media like hard drives and flash drives — e.g., on servers, desktop computers, laptops, iPads, and tablets — thumb drives, diskettes, optical disks, handheld devices, online storage, file shares (e.g., allocated network storage), databases (including e-mail client applications and servers), container files (e.g., PST, OST and NSF files, Zip archives and PDF portfolios), and back up tapes or other media used for backup or disaster recovery.

*2. General Provisions*

2.1. **To reduce cost and preserve maximum utility of electronically stored information, production in native electronic formats shall be the required form of Electronically Stored Information ("ESI") production in response to discovery in this cause. Unless these instructions expressly permit or require conversion, native electronic file formats *shall not* be converted from their usual and customary format to other formats for production**. *See* Fed. R. Civ. P. 34(b) Tex. R. Civ. P. 196.4.

2.2. Defendant is obliged to consider for preservation and identification all potentially responsive information items and data sources over which Defendant (including its employees, agents, officers, and directors) has possession, physical custody, or a right or ability to exert direction or control. The belief that an employee, agent, or contractor may fail to act upon, or conform to, an exercise of direction or control is not a justification for Defendant to fail to undertake an exercise of direction or control directed to preservation, identification, and, as potentially responsive or relevant, production of information items and data sources.

2.3. Production of information in electronic formats shall not relieve Defendant of the obligation to act with reasonable diligence to preserve the native electronic data sources of the information items produced and relevant metadata. Defendant shall be vigilant not to wipe or dispose of source media.

2.4. Where, in the usual course of business, a paper document has been imaged as a TIFF or PDF file or an electronic file has been printed or converted to an imaged format, the electronic file and the hard copy or imaged counterpart *may not* be treated as identical or cumulative such that the paper/imaged format may be produced in lieu of its electronic source.

2.5. Defendant must produce Optical Character Recognition ("OCR") textual content when Defendant produces images in lieu of paper originals. However, Defendant is not obligated to undertake OCR for information items in the PDF, TIFF, or JPG file formats when Defendant does not hold the textual contents of such files in an electronically searchable form at the time of the request for production; provided, however, that if Defendant adds or acquires such electronic

searchability, Defendant shall supplement production to make such capability available to Plaintiff in a reasonable manner at Defendant's cost.

*3. Scope*

3.1.   Defendant must act with reasonable diligence to identify and produce responsive, non-privileged ESI under its care, in its custody, or subject to its control, notwithstanding its location, format, or medium.

3.2.   Defendant shall produce responsive, non-privileged files with the following extensions: ace, arc, arj, arx, bh, cal, cat, csv, dat, db, dbx, doc, docx, dot, dotm, dotx, dst, dstx, efx, email, eml, gnu, gra, gz, gzip, jar, lha, mbox, mbx, mdb, mde, mde, mpp, msg, nsf, ost, pdf, pnf, pot, potx, ppt, pptx, pst, pub, rar, rpt, rtf, shw, tar, taz, thmx, tif, tiff, txt, tz, wbk, wk4, wmf, wpd, wps, wri, xla, xlam, xlm, xls, xlsm, xlsx, xlt, xltx, z, zip.

3.3.   The file types listed in 3.2 must be identified and considered in searching for potentially responsive ESI; however, this is not an exclusive list of all potentially responsive file types. Defendant is expected to apply its knowledge of information systems and applications used by employees when seeking to identify potentially responsive file types, as well as to make a reasonably diligent search for responsive file types not listed.

*4. Unique Production Identifier ("UPI")*

4.1.   Other than paper originals and images of paper documents (including redacted ESI), no ESI produced in discovery need be converted to a paginated format nor embossed with a Bates number.

4.2.   Each item of ESI (e.g., native file, document image, or e-mail message) shall be identified by naming the item to correspond to a UPI according to the following protocol:

> 4.2.1.   The first four (4) characters of the filename will reflect a unique alphanumeric designation identifying Defendant as making production;
>
> 4.2.2.   The next nine (9) characters will be a unique, sequential numeric value assigned to the item by Defendant.  This value shall be padded with leading zeroes as needed to preserve its length;
>
> 4.2.3.   The final five (5) characters are reserved to a sequence beginning with a dash (-) followed by a four digit number reflecting pagination of the item when printed to paper or converted to an image format for use in proceedings or when attached as exhibits to pleadings.
>
> 4.2.4.   By way of example, a Microsoft Word document produced by defendant Acme in its native format might be named: ACME000000123.doc.  Were the document printed out for use in deposition, page six of the printed item would be embossed with the unique identifier ACME000000123-0006.

*5. Form of Production of E-Mail and Attachments*

5.1.   E-mail from Exchange/Outlook environments will be produced in the single message MAPI-compliant MSG format.  Messages in webmail, Lotus Notes, or GroupWise formats shall be converted to the MSG format with care taken, as feasible, to preserve as discrete fields the information listed in 7.4.

5.2.   Attachments to e-mails need not be produced separately from the transmitting message when the attachments are embedded within the message as MIME-compliant, Base-64 content (or other encoding scheme employed in the native source).

### 6.  Databases

6.1.   Prior to production of any database, the Defendant shall meet and confer regarding the reasonableness and feasibility of any request for production of, or from, a database including the scope, form, and content of any such production.   However, Defendant shall make reasonable efforts to produce responsive information and data from databases using existing query and reporting capabilities of the database software.   To facilitate such interrogation, Defendant shall act reasonably and cooperatively to comply with requests from Plaintiff for information about the reporting capabilities, structure, organization, query language, and schema of the database.

### 7.  Load Files

7.1.  Consistent with the provisions of these instructions, Defendant shall produce responsive ESI to Plaintiff in its *native electronic format,* and when ESI is accompanied by a load file, Defendant shall produce load files in the Concordance load file format.

7.3.   Required Fields: The load file shall include the following delimited fields:

7.3.1.  Identifier – UPI- The unique production identifier of the item;

7.3.2.  Source Name – NAME - The original name of the item or file when collected from the source custodian or system;

7.3.3.  MD5 Hash – MD5 - The MD5 hash value of the item as produced;

7.3.4.  Custodian – CUSTODIAN -The unique identifier for the original custodian or source system from which the item was collected;

7.3.5.  Source Path – SPATH -The fully qualified file path from root of the location from which the item was collected;

7.3.6.  Production Path – NATIVELINK -The file path to the item from the root of the production media;

7.3.7.  Modified Date – MODDATE -The last modified date of the item when collected from the source custodian or system;

7.3.8.  Modified Time – MODTIME - The last modified time of the item when collected from the source custodian or system; and

7.3.9.  UTC Offset – UTCOFF - The UTC/GMT offset of the item's modified date and time.

7.4.   The following additional fields shall accompany production of e-mail messages:

7.4.1.  To – RECIPIENT – Addressee(s) of the message;

7.4.2.  From – FROM – The e-mail address of the person sending the message;

7.4.3.  CC – CC – Person(s) copied on the message;

7.4.4.  BCC – BCC – Person(s) blind copied on the message;

7.4.5.  Date Sent – DATESENT – date the message was sent;

7.4.6.  Time Sent – TIMESENT – time the message was sent;

7.4.7.  Subject – SUBJECT – Subject line of the message;

7.4.8.  Date Received – DATERCVD – date the message was received;

7.4.9.  Time Received – TIMERCVD – time the message was received;

7.4.10.  Attachments – ATTACHMENTID – The beginning UPI(s) of attachments, delimited by comma;

7.4.11.  Mail Folder Path – MAILPATH – the path of the message from the root of the mail folder; and

7.4.12.  Message ID – MESSAGEID – The Microsoft Outlook or similar unique message identifier.

7.5.  The following additional fields shall accompany images of paper documents:

7.5.1.  Beginning Identifier – BEGNO – The beginning unique production identifier for the first page of the document;

7.5.2.  Ending Identifier – ENDNO – The ending unique production identifier for the first page of the document;

7.5.3.  Page Count – PGCOUNT – The total number of pages in the document;

7.5.4.  Location – LOCATION – The source box or other location identifier needed to trace the document to its source.

7.6.  E-Mail Messages and Attachments: Text shall be extracted from native e-mail message bodies and produced as document-level text files (.txt) named to correspond to the UPI of the message and organized into separate folder(s) from the messages.  The full text of attachments to messages need not be extracted; however, if it is extracted, it must be produced as document-level text files (.txt) named to correspond to the UPI of the attachments and organized into separate folder(s) from the messages.

7.7.  Document Images: Text extracted from paper document images using optical character recognition shall be produced as document-level text files (.txt) named to correspond to the UPI of the image and organized into separate folder(s) from the images.

## 8. Deduplication

8.1.  Defendant *shall not* globally (i.e. horizontally) deduplicate production or apply e-mail threading without express authorization from Plaintiff or the Court.

## 9. Redaction

9.1.  Files that must be redacted shall be produced as TIFF or PDF images accompanied by load files conforming to 7 (above) and containing extracted text acquired after redaction (i.e., excluding redacted content).

9.2.  Defendant may employ native redaction techniques so long as the method of redaction employed does not significantly impair the usability or searchability of the redacted item and the fact of alteration is disclosed.

9.3.  Redactions must be logged in the manner of any other responsive material withheld on claims of privilege or confidentiality.

## 10. Imaging and Unitization

10.1.  Imaging: Paper documents produced electronically shall be:

10.1.1  Imaged at 300 DPI as single-page Group IV TIFF or multipage PDF files;

10.1.2.  Produced with OCR text;

10.1.3.    Reflective, without visual degradation, of the full and complete information contained in the original document; and,

10.1.4.  In compliance with reasonable requests for color image formats of the original at Defendant's cost, if an original document contains color used in a manner material to the import or understanding of the document.  Color documents shall be produced as PDF or JPG files.

10.2.  Unitization: If a scanned document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file. For documents that contain affixed notes, the pages will be scanned both with and without the notes and those pages will be treated as part of the same document.   The relationship of documents in a document collection (e.g., cover letter and enclosures, e-mail and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process. If more than one level of parent-child relationship exists, documents shall be kept in order, but all will be treated as children of the initial parent document.

*11.  Cooperation and Transparency*

11.1.   Defendant shall identify and facilitate access to the contents of encrypted, corrupted, or difficult-to-access files produced.  Defendant shall confer with Plaintiff to fashion reasonable, precise, and cost-effective search strategies and to agree upon and implement appropriate measures for quality assurance and quality control.   Defendant shall be forthcoming and transparent in disclosing its use of mechanized tools to cull responsive data.

*12.  Production Media and Transmittal*

12.1.   Production volumes below 12 gigabytes may be produced on three or fewer DVD-ROM optical disks for Windows-compatible personal computers.

12.2.   Production volumes greater than 12 gigabytes shall be produced as uncompressed data on Windows-compatible external hard disk drives employing the USB 2.0 or USB 3.0 interface.

12.3.   Production media shall be prominently and uniquely labeled to identify Defendant, the date of production, and the range of UPI on the medium.

12.4.   Defendant shall accompany the production with a written transmittal that sets out the:

12.4.1.  Range of Unique Item Identifiers included within the production;

12.4.2.  The total number of items produced;

12.4.3.  The structure of the load file, including the delimiters employed and a list of delimited fields in the order in which they are employed in the load file;

12.4.4.  Confirmation that the number of items produced matches the load file(s);  and

12.4.5.  A privilege log identifying any documents withheld from the data sources being produced, if any.

12.5.  Defendant shall exercise care to guard against truncation or data loss attendant to overlong file names and file paths.

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ALEJANDRO ORTEGA,

      Plaintiff,

v.                                         Case No. 2:16-cv-00665-MV-SMV

MANAGEMENT & TRAINING
CORPORATION, D/B/A/ OTERO
COUNTING PROCESSING CENTER,

      Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST RULE 34(b) REQUEST
FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION IN NATIVE
ELECTRONIC FORMATS, DOCUMENTS AND TANGIBLE THINGS**

For its response to the First Rule 34(b) Request for Production of Electronically Stored Information in Native Electronic Formats, Documents and Tangible Things submitted to it by Plaintiff, Defendant Management and Training Corporation, d/b/a County Processing Center states as follows:

**REQUEST FOR PRODUCTION NO. 1 (ESI):**  Without wiping out or deleting source media and metadata, produce all of Defendant's files and subfiles, documents and electronic information which is kept and maintained on ALEJANDRO ORTEGA ("Plaintiff") in native electronic file formats and as kept in the usual course of business, as follows:

a.    all work absence and attendance log files on and for Plaintiff,

b.    all notices, correspondence and memos to and from Plaintiff concerning all medical leaves.

c.    all notices, correspondence and memos to and from Plaintiff concerning family leaves,

d.    all notices to and from Plaintiff concerning all other leaves, e.g., disability leave, pregnancy leave, military leave, reserves leave, worker's compensation injury leaves, bereavement leaves. personal leaves, etc.,

e.    Plaintiffs employee evaluations and disciplinary files,

f.    Plaintiff's worker's compensation and medical files,

2278439.1

g.     all files created by Human Resources and those with HR functions showing any personnel action, such as promotions, transfers, pay changes, leave acceptances and denials, accommodations, investigations, terminations, lay offs, separations, etc., about Plaintiff,

h.     all calculations and work notes calculating Plaintiff's leave under the Family and Medical Leave Act,

i.     all documents and files created by those with successive authority over Plaintiff, including supervisors, about the <u>subject matters</u> complained of in Plaintiff's lawsuit,

j.     all emails and attachments to and from Plaintiff's supervisors' about Plaintiff,

k.     all emails and attachments to and from Plaintiff's managers' about Plaintiff,

l.     all emails and attachments to and from Defendant's Human Resources personnel about the subject matters complained of in Plaintiff's lawsuit,

m.     all text messages and instant messages to and from Plaintiff's supervisors' and managers' accounts about Plaintiff,

n.     all text messages and instant messages to and from Defendant's Human Resources personnel accounts about Plaintiff,

o.     Plaintiff's payroll history, payroll and compensation files,

p.     Plaintiff's employee benefits files for the duration of all employment periods with Defendant,

q.     Plaintiff's training files,

r.     Plaintiff's applications and new hire orientation file,

s.     all witness statements taken concerning Plaintiff during all investigations about Plaintiff,

t.     all witness statements taken concerning Plaintiff during all investigations about Plaintiff's reports and complaints during his employment with Defendant,

u.     excepting attorney-client privileged material, all files, reports and summaries about Defendant's investigation into Plaintiff's complaints and reports, if any, during his employment with Defendant,

v.     all files and documents memorializing Defendant's attempts to provide workplace accommodations to Plaintiff, including cost calculations if any,

w.     Plaintiff's complete employee file with subfiles regardless of what Defendant calls them.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.  MTC further objects to this request as being vague and ambiguous as to the term "notices."

Without waiving these objections, MTC responds as follows:

- The documents requested in subsection a can be found in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123, and wage records, produced herewith as Bates Nos. MTC.000479-505.

- The documents requested in subsections b, c, and d, to the extent that they exist, can be found in Plaintiff's medical file, produced herewith as Bates Nos. MTC.000506-518, and MTC's handbooks, previously produced as Bates Nos. MTC.000126-333.

- The documents requested in subsection e can be found in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123.

- The documents requested in subsection f can be found in Plaintiff's medical file, produced herewith as Bates Nos. MTC.000506-518.

- The documents requested in subsection g can be found in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123, medical file, produced herewith as Bates Nos. MTC.000506-518, wage records, produced herewith as Bates Nos. MTC.000479-505, the layoff letter produced herewith as Bates No. MTC.000531-532, and internal applications produced herewith as Bates No. MTC.000542-561.

- The documents requested in subsection h, to the extent that they exist, can be found in Plaintiff's medical file, produced herewith as Bates Nos. MTC.000506-518.

- Documents related to MTC's decision to include Plaintiff in the reduction in force include the layoff letter produced herewith as Bates No. MTC.000531-532.  Documents related to Plaintiff's job classification, wages, and the allegations in Plaintiff's Complaint regarding his job classification, can be found in Plaintiff's wage records, produced herewith as Bates Nos. MTC.000479-505, and the wage conformance-related documents previously produced as Bates Nos. MTC.000403-431.

- MTC will supplement its response to produce non-privileged emails requested in subsections j, k, and l.

- The documents requested in subsections m and n do not exist.

- The documents requested in subsection o can be found in Plaintiff's wage records, produced herewith as Bates Nos. MTC.000479-505.

- The documents requested in subsection p can be found in Plaintiff's medical file, produced herewith as Bates Nos. MTC.000506-518, and 2014 Benefits Enrollment Guide, produced herewith as Bates Nos. MTC.000506-518.

- The documents requested in subsections q and r can be found in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123.

- The documents requested in subsections s, t, and u do not exist because Plaintiff made no such complaints during his employment at MTC.

- The documents requested in subsection v do not exist because Plaintiff made no such request during his employment at MTC.

- The documents requested in subsection w can be found in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123.

**REQUEST FOR PRODUCTION NO. 2 (PHYSICAL FILES):**   Produce all of Defendant's physical, i.e. hard files and documents, as maintained in the ordinary course of business, on Plaintiff as follows:

a.     all work absence and attendance log files on and for Plaintiff,

b.     all notices, correspondence and memos to and from Plaintiff concerning all medical leaves,

c.     all notices, correspondence and memos to and from Plaintiff concerning family leaves,

d.     all notices to and from Plaintiff concerning all other leaves,

4

e.    Plaintiff's employee evaluations and disciplinary files,

f.    Plaintiff's worker's compensation and medical files,

g.    all files created by Human Resources and those with HR functions showing any personnel action, such as promotions, transfers, pay changes, leave acceptances and denials, accommodations, investigations, terminations, lay offs, separations, etc., about Plaintiff,

h.    all calculations and work notes calculating Plaintiff's leave under the Family and Medical Leave Act,

i.    all documents and files created by those with successive authority over Plaintiff, including supervisors, about the <u>subject matters</u> complained of in Plaintiff's lawsuit,

j.    Plaintiff's payroll history, payroll and compensation files,

k.    Plaintiff's employee benefits files for the duration of all employment periods with Defendant,

l.    all emails and attachments to and from Defendant's Human Resources personnel about the subject matters complained of in Plaintiff's lawsuit,

m.    Plaintiff's applications and new hire orientation file,

n.    all witness statements taken concerning Plaintiff during all investigations about Plaintiff,

o.    all witness statements taken concerning Plaintiff during all investigations about Plaintiff's reports and complaints during his employment with Defendant,

p.    excepting attorney client privileged material, all files, reports and summaries about Defendant's investigation into Plaintiff's complaints and reports, if any during his employment with Defendant,

q.    all files and documents memorializing Defendant's attempts to provide workplace accommodations to Plaintiff, including cost calculations, if any,

r.    Plaintiff's complete employee file and all subparts regardless of what Defendant calls them.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the

5

same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.  MTC further objects to this request as being vague and ambiguous as to the term "notices."

Without waiving these objections, MTC responds as follows:

- The documents requested in subsection a can be found in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123, and wage records, produced herewith as Bates Nos. MTC.000479-505.

- The documents requested in subsections b, c, and d, to the extent that they exist, can be found in Plaintiff's medical file, produced herewith as Bates Nos. MTC.000506-518, and MTC's handbooks, previously produced as Bates Nos. MTC.000126-333.

- The documents requested in subsection e can be found in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123.

- The documents requested in subsection f can be found in Plaintiff's medical file, produced herewith as Bates Nos. MTC.000506-518.

- The documents requested in subsection g can be found in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123, medical file, produced herewith as Bates Nos. MTC.000506-518, wage records, produced herewith as Bates Nos. MTC.000479-505, the layoff letter produced herewith as Bates Nos. MTC.000531-532, and internal applications produced herewith as Bates No. MTC.000542-561.

- The documents requested in subsection h, to the extent that they exist, can be found in Plaintiff's medical file, produced herewith as Bates Nos. MTC.000506-518.

- Documents related to MTC's decision to include Plaintiff in the reduction in force include the layoff letter produced herewith as Bates No. MTC.000531-532.  Documents related to Plaintiff's job classification, wages, and the allegations in Plaintiff's Complaint regarding his job classification, can be found in Plaintiff's wage records, produced herewith as Bates Nos. MTC.000479-505, and the wage conformance-related documents previously produced as Bates Nos. MTC.000403-431.

- The documents requested in subsection j can be found in Plaintiff's wage records, produced herewith as Bates Nos. MTC.000479-505.

- The documents requested in subsection k can be found in Plaintiff's medical file, produced herewith as Bates Nos. MTC.000506-518, and 2014 Benefits Enrollment Guide, produced herewith as Bates Nos. MTC.000506-518.
- The documents requested in subsections l and m can be found in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123.
- The documents requested in subsections n, o, and p do not exist because Plaintiff made no such complaints during his employment at MTC.
- The documents requested in subsection q do not exist because Plaintiff made no such request during his employment at MTC.
- The documents requested in subsection r can be found in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123.

**REQUEST FOR PRODUCTION NO. 3**:  Produce all video files and recordings, audio files and recordings, notebooks pamphlets and posters, provided to or shown to Plaintiff before hiring and during the course of his employment with Defendant relating to illegal discrimination made the basis of this lawsuit, equal employment opportunity in the workplace, and illegal discrimination in the workplace.

**RESPONSE**:

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone.

MTC further objects to this interrogatory as being vague as to the phrase "the subject of illegal discrimination made the basis of this lawsuit."  Without waiving these objections, and assuming that Plaintiff is referring to race discrimination, MTC states that it disseminates its policies regarding discrimination to all of its employees at the Otero County Processing Center and that the human resources personnel at the Otero County Processing Center provides

7

additional training on these policies.  MTC policies regarding discrimination in effect during Plaintiff's employment at MTC were previously produced as Bates Nos.MTC.00126-350, and documents Plaintiff signed acknowledging receipt of these policies are in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123.  MTC's on-site training at the Otero County Processing Center on these policies included review of these policies, oral instruction, presentations, and video on the topics of discrimination/harassment/retaliation and ethics.  Documents reflecting Plaintiff's attendance at training and completion of worksheets regarding discrimination and equal employment opportunity are found in his personnel file, previously produced as Bates Nos. MTC.000001-000123. The presentation regarding harassment is produced herewith as Bates Nos.MTC.000449-478, and MTC will supplement its production to produce discrimination/harassment/retaliation and ethics videos.


**REQUEST FOR PRODUCTION NO. 4:**  Produce all of Defendant's employee handbooks, employee policy manuals, memos, advisories and notices, Human Resources manuals, memos, advisories, notices and handbooks evidencing the policies and procedures which Defendant applies to its employees concerning illegal discrimination made the basis of this lawsuit, equal employment opportunity in the workplace, and illegal discrimination in the workplace.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone.

MTC further objects to this request as being overbroad in terms of time, burdensome, and vague as to the phrase "the subject of illegal discrimination made the basis of this lawsuit."

8

Without waiving these objections, and assuming that Plaintiff is referring to race discrimination, MTC's policies regarding discrimination and equal opportunity in the workplace in effect during Plaintiff's employment at MTC were previously produced as Bates Nos. MTC.000126-350, and documents Plaintiff signed acknowledging receipt of these policies are in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123.  MTC's on-site training at the Otero County Processing Center on these policies included review of these policies, oral instruction, presentations, and video on the topics of discrimination/harassment/retaliation and ethics.  Documents reflecting Plaintiff's attendance at training and completion of worksheets regarding discrimination and equal employment opportunity are found in his personnel file, previously produced as Bates Nos. MTC.000001-000123. Documents reflecting Warden Terry's receipt of these policies and training are produced herewith as Bates Nos. MTC.000535-541. The presentation regarding harassment is produced herewith as Bates Nos.MTC.000449-478, and MTC will supplement its production to produce discrimination/harassment/retaliation and ethics videos.

**REQUEST FOR PRODUCTION NO. 5:**  Produce all of Defendant's handbooks, manuals, memos, advisories and notices relating to all actions which are to be taken by Defendant in response to a report or complaint of illegal discrimination or retaliation by an employee, including written procedures and protocols for investigating such reports and complaints.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone.

9

MTC further objects to this request as being overbroad in terms of time and burdensome. Without waiving these objections, MTC's policies regarding discrimination, retaliation, reports of discrimination/retaliation, and investigations that were in effect during Plaintiff's employment at MTC were previously produced as Bates Nos.MTC.00126-350, and documents Plaintiff signed acknowledging receipt of these policies are in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123.   MTC's on-site training at the Otero County Processing Center on these policies included review of these policies, oral instruction, presentations, and video on the topics of discrimination/harassment/retaliation and ethics. Documents reflecting Plaintiff's attendance at training and completion of worksheets regarding discrimination and equal employment opportunity are found in his personnel file, previously produced as Bates Nos. MTC.000001-000123 and in service training rosters produced herewith as Bates Nos. MTC.000533-534.  Documents reflecting Warden Terry's receipt of these policies and training are produced herewith as Bates Nos. MTC.000535-541.  The presentation regarding harassment is produced herewith as Bates Nos.MTC.000449-478, and MTC will supplement its production to produce discrimination/harassment/retaliation and ethics videos.


**REQUEST FOR PRODUCTION NO. 6:**  If Defendant's employees or agents have received any training via courses or classes regarding illegal discrimination or retaliation over the last five years, please produce all electronically stored information in native electronic file format showing attendance in such courses or classes and all class or course material including videos, manuals. notebooks, pamphlets, documents and posters shown during such training.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which

is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

MTC further objects to this request as being overbroad in terms of scope and time and burdensome.  Without waiving these objections, MTC states that all of its employees at the Otero County Processing Center receive copies of MTC's discrimination policies and additional training on the same.  MTC further states that documentation reflecting Plaintiff's receipt of MTC policies and attendance at training and completion of worksheets regarding discrimination and equal employment opportunity are found in his personnel file, previously produced as Bates Nos. MTC.000001-000123, and the in service training rosters produced herewith as Bates Nos. MTC.000533-534.   Documentation reflecting Warden Terry's receipt of these policies and attendance at such training is contained in the documents produced herewith as Bates Nos. MTC.000535-541.   The presentation regarding harassment is produced herewith as Bates Nos.MTC.000449-478,    and    MTC    will    supplement    its    production    to    produce discrimination/harassment/retaliation and ethics videos.


**REQUEST FOR PRODUCTION NO. 7:**  If Defendant's employees or agents have received any training via courses or classes regarding illegal discrimination or retaliation over the last five years, produce all documentation showing attendance in such courses or classes and all class or course material including videos, manuals, notebooks, pamphlets, documents and posters received during such training.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

MTC further objects to this request as being overbroad in terms of scope and burdensome.  Without waiving these objections, MTC states that all of its employees at the Otero County Processing Center receive copies of MTC's discrimination policies and additional training on the same.  MTC further states that documentation reflecting Plaintiff's receipt of MTC policies and attendance at training and completion of worksheets regarding discrimination and equal employment opportunity are found in his personnel file, previously produced as Bates Nos. MTC.000001-000123, and the in service training rosters produced herewith as Bates Nos. MTC.000533-534.  Documentation reflecting Warden Terry's receipt of these policies and attendance at such training is contained in the documents produced herewith as Bates Nos. MTC.000535-541.  The presentation regarding harassment is produced herewith as Bates Nos.MTC.000449-478, and MTC will supplement its production to produce discrimination/harassment/retaliation and ethics videos.

**REQUEST FOR PRODUCTION NO. 8:**   Produce all electronically stored information, in native electronic file format as kept in the usual course of business, memorializing or showing disciplinary actions, if any, against the persons identified in response

to Interrogatories Nos. 7 and 8, on account of all employment actions taken by Defendant regarding Plaintiff.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone.  MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

Without waiving these objections, MTC states that no employee has been disciplined on account of any employment actions taken regarding Plaintiff.

**REQUEST FOR PRODUCTION NO. 9:**  Produce all documentation, as kept in the usual course of business, memorializing or showing disciplinary actions, if any, against the persons identified in response to Interrogatories Nos. 7 and 8, on account of all employment actions taken by Defendant regarding Plaintiff.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone.  MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure

34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

Without waiving these objections, MTC states that no employee has been disciplined on account of any employment actions taken regarding Plaintiff.

**REQUEST FOR PRODUCTION NO. 10:**  Produce all documentation describing Plaintiff's job duties and essential job functions during all work periods with Defendant.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone.

Without waiving this objection, the gang intelligence and security officer position descriptions were previously produced as Bates Nos. MTC.000018 and MTC.000125-126.

**REQUEST FOR PRODUCTION NO. 11:**  Produce all hard copy and electronically stored information – in native electronic file format – as kept in the usual course of business of all communications (e.g., faxes. entails, memos, texts, instant messages, correspondence, reports, notes) between Defendant's employees and all investigators relating to Plaintiff's employment, taxes, benefits, and reports and complaints of discrimination.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the

14

same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

MTC further objects to this interrogatory as vague and ambiguous as to the term "investigators" and to the extent that it seeks attorney client privileged information.  Without waiving these objections, MTC states that it conducted no investigation prior to Plaintiff's filing of his EEOC charge because Plaintiff never complained of race discrimination or retaliation during his employment or at any time before filing his EEOC charge.  MTC further states that all of its communications with the EEOC investigator were previously produced as Bates Nos. MTC.000371-402.

**REQUEST FOR PRODUCTION NO. 12:**  Produce all hard copy and electronically stored information – in native electronic file format – as kept in the usual course of business of all communications (e.g., faxes, entails, memos, texts, instant messages, correspondence, reports, notes) between Defendant's employees and all state government agencies including the Workforce Commission and the Civil Rights Division relating to Plaintiff's employment, taxes, benefits, and reports and complaints of discrimination.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure

34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

MTC further objects to this interrogatory as overbroad, vague, and ambiguous as to the phrase "Plaintiff's employment, taxes, benefits, and reports and complaints of discrimination." Without waiving these objections, MTC states that all of its communications with the EEOC investigator were previously produced as Bates Nos. MTC.000371-402, its communications with government agencies regarding Plaintiff's job classification and wages can be found in the wage conformance-related documents previously produced as Bates Nos. MTC.000403-431, and IRS forms related to Plaintiff's wages are found in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123.


**REQUEST FOR PRODUCTION NO. 13:**  Produce all hard copy and electronically stored information – in native electronic tile format – as kept in the usual course of business of all communications (e.g., taxes, emails, memos, texts, instant messages, correspondence, reports, notes) between Defendant's employees and all federal government agencies such as the EEOC, relating to Plaintiff's employment, taxes, benefits, and reports and complaints of discrimination and/or retaliation.

**If the documents to be produced do not exist in native electronic format, produce the above requested documents in a searchable [.PDF or .TIFF] format with logical unitization preserved.**

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone.

MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

MTC further objects to this interrogatory as overbroad, vague, and ambiguous as to the phrase "Plaintiff's employment, taxes, benefits, and reports and complaints of discrimination." Without waiving these objections, MTC states that all of its communications with the EEOC investigator were previously produced as Bates Nos. MTC.000371-402, all of its communications with government agencies regarding Plaintiff's job classification and wages can be found in the wage conformance-related documents previously produced as Bates Nos. MTC.000403-431, and IRS forms related to Plaintiff's wages are found in Plaintiff's personnel file, previously produced as Bates Nos. MTC.000001-000123.


RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____
      Charles J. Vigil
      Krystle A. Thomas
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395
*Attorneys for Defendant*

# Exhibit
# D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ALEJANDRO ORTEGA,

        Plaintiff,

v.                                    Case No. 2:16-cv-00665-MV-SMV

MANAGEMENT & TRAINING
CORPORATION, D/B/A/ OTERO
COUNTING PROCESSING CENTER,

        Defendant.

**DEFENDANT'S ANSWERS AND RESPONSES TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION**

For its answers and response to the First Set of Interrogatories and Request for Production propounded to it by Plaintiff, Defendant Management and Training Corporation, d/b/a County Processing Center states as follows:

**INTERROGATORIES AND REQUEST FOR PRODUCTION**

**INTERROGATORY NO. 1:**  Identify by name, last known address, telephone number and job title, ALEJANDRO ORTEGA's (Plaintiff) immediate supervisor or supervisors and all others with successive authority over the Plaintiff and the Plaintiff's work while employed with Defendant.

    **ANSWER:**

MTC objects to this interrogatory as being vague in terms of the timeframe involved. Without waiving this objection, Warden Hassel Terry, Deputy Warden Karl Frawner, and Captain Edward Ruiz were all in Plaintiff's chain of command at the time Plaintiff was laid off. Each of these individuals is currently employed at MTC and may be contacted through counsel for MTC.

2278374.1

**INTERROGATORY NO. 2:**  Identify by name, last known address, telephone number and job title all persons responsible for making Defendant's employment decisions regarding hiring, firing, leave, discipline and employment benefits over the last five years.

**ANSWER:**

MTC objects to this interrogatory as vague, ambiguous, and overbroad as to the terms "leave," "discipline," and "employment benefits."   Without waiving these objections, MTC states that Warden Terry is the individual responsible for the decision to lay off Plaintiff, although he consulted other MTC and ICE employees with regard to this decision.  MTC further states that Warden Terry is similarly the person ultimately responsible for the decision to hire Plaintiff and to promote him, although other MTC employees were involved in these decisions. Warden Terry would also be the primary decision-maker in terms of discipline, although Plaintiff was not subject to formal disciplinary measures while he was employed at MTC. Plaintiff's benefits (including leave) are provided in accordance with MTC corporate policies.

**INTERROGATORY NO. 3:**  Provide Plaintiff's job title and describe his essential job functions and duties.

**ANSWER:**

MTC objects to this interrogatory as being vague in terms of the timeframe involved. Without waiving this objection, at the time Plaintiff was laid off, Plaintiff's job title was "Gang Intelligence Sergeant."   Pursuant to Federal Rule of Civil Procedure 33(d), both his position summary and the essential functions of his position can be found in the position description previously produced as Bates No. MTC.000124.

2

**INTERROGATORY NO. 4:**  Identify, describe and provide the amounts of all pay rates, wages, and employment benefits, e.g., medical insurance, dental insurance, workers' compensation insurance, other insurance, 401K plan benefits, pension benefits, etc., provided to or available to Plaintiff just before he was terminated and during the course of his employment with Defendant.

**ANSWER:**

Pursuant to Federal Rule of Civil Procedure 33(d), information regarding Plaintiff's wages can be found in the wage information document produced herewith as Bates Nos. MTC.000479-505.  During his employment at MTC, Plaintiff was enrolled in the following benefit plans: Medical – United Health Care (UHC); Dental – MetLife; Vision – MetLife/VSP; Disability – Short Term through TransAmerica; and Life and AD&D – MetLife.  Documents reflecting Plaintiff's enrollment in these plans are produced herewith as Bates Nos. MTC.000506-518 and the Benefit Enrollment Guide in effect at the time of Plaintiff's layoff are produced herewith as Bates Nos. MTC.000506-518.


**INTERROGATORY NO. 5:** Provide every reason why Plaintiff was laid off, discharged or, otherwise, separated from employment with the Defendant.

**ANSWER:**

MTC laid Plaintiff off because ICE required MTC to cut costs to renew its contract for the Otero County Processing Center.  As a result, MTC was forced to lay off a number of its Otero County Processing Center employees in a February 2014 reduction in force.  Plaintiff's position of Gang Intelligence Sergeant was selected as a position that could be eliminated

3

because it was a position that was no longer required by ICE and a position that was not necessary to the operation of the Otero County Processing Center due to the lack of gang activity at the facility.  Because Plaintiff was the only employee who held that position at the Otero County Processing Center, Plaintiff was laid off as part of the February 2014 reduction in force. MTC's layoff decision was communicated to Plaintiff orally by Warden Terry and in a letter produced herewith as Bates No. MTC.000531-532.

**INTERROGATORY NO. 6:**  In connection with the immediately preceding Interrogatory, identify by name, last known address, telephone number and job title the persons with knowledge of the reasons or circumstances surrounding Defendant's layoff or discharge of Plaintiff or, otherwise, Plaintiff's separation from employment with Defendant.

**ANSWER:**

MTC objects to this interrogatory as being overly broad, burdensome and harassing. Without waiving these objections, MTC states that countless people both at MTC and outside of MTC have knowledge of Plaintiff's separation of employment from MTC, and that MTC cannot possibly identify every such person.  MTC further states Warden Terry is the individual responsible for the decision to lay off Plaintiff, although he consulted other MTC and ICE employees with regard to this decision.  Warden Terry is currently employed at MTC and may be contacted through counsel for MTC.

**INTERROGATORY NO. 7:**  Identify by name, last known address, telephone number and job title the persons who made the decision to layoff or discharge Plaintiff or to, otherwise, separate Plaintiff' from employment with Defendant.

4

**ANSWER:**

Warden Terry is the individual responsible for the decision to lay off Plaintiff, although he consulted other MTC and ICE employees with regard to this decision. Warden Terry is currently employed at MTC and may be contacted through counsel for MTC.

**REQUEST FOR PRODUCTION NO. 7A:** Produce all of Defendant's files and subfiles, documents and electronic information which is kept and maintained on the persons who made the decision to layoff or discharge Plaintiff or to, otherwise, separate Plaintiff from employment with Defendant, in their native electronic file formats and as kept in the usual course of business, including:

a. that person's work absence and attendance log files,

b. that person's employee evaluations and disciplinary files,

c. all files created by Human Resources and those with HR functions showing any personnel action, such as promotions, transfers, pay changes, leave acceptances and accommodations, investigations, terminations, lay offs, separations, etc., about that persons,

d. all files created by those with successive authority over that person including supervisors about the subject matters complained of in Plaintiff's lawsuit,

e. all emails and attachments to and from that person's work email accounts about the subject matters complained of in Plaintiff's lawsuit,

f. all text messages and instant messages from that person about Plaintiff, that person's training files,

g. that person's applications and new hire orientation file,

h. all witness statements taken by and from that person during all investigations about Plaintiff.

i. all witness statements taken by and from that person concerning Plaintiff during all investigations about Plaintiff's reports and complaints during his employment with Defendant.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

MTC further objects to this request because it seeks private personnel documentation that is harassing, burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, MTC is producing herewith documents evidencing Warden Terry's receipt of MTC's policies regarding discrimination and his training related to the same as Bates Nos. MTC.000535-541.  MTC has no documents regarding Warden Terry's investigation into Plaintiff's claims of discrimination or retaliation because Plaintiff made no such complaints during his employment at MTC.  MTC will supplement this response to produce Warden Terry's non-privileged correspondence regarding Plaintiff and the decision to include Plaintiff in the reduction in force.

**REQUEST FOR PRODUCTION NO. 7B:**  Produce all of Defendant's files and subfiles, and documents which is kept and maintained on the persons identified in the immediately preceding Interrogatory who approved, authorized or ratified the decision to layoff or discharge Plaintiff or to, otherwise, separate Plaintiff from his employment with Defendant including:

a.    that person's work absence and attendance log files,

b.    that person's employee evaluations and disciplinary files,

c.    all files created by Human Resources and those with HR functions showing any personnel action, such as promotions, transfers, pay changes, leave acceptances and denials, accommodations, investigations, terminations, lay offs, separations; etc., about that person,

d.    all files created by those with successive authority over that person including supervisors about the subject matters complained of in Plaintiff's lawsuit,

e.    all emails and attachments to and from that person's work email accounts about the subject matters complained of in Plaintiff's lawsuit,

f.    all text messages and instant messages from that person about Plaintiff,

g.    that person's training files,

h.    that person's applications and new hire orientation file,

i.    all witness statements taken by and from that person during all investigations about Plaintiff.

j.    all witness statements taken by and from that person concerning Plaintiff during all investigations about Plaintiff's reports and complaints during his employment with Defendant

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

MTC further objects to this request because it seeks private personnel documentation that is harassing, burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Without waiving these objections, MTC is producing herewith

7

documents evidencing Warden Terry's receipt of MTC's policies regarding discrimination and his training related to the same as Bates Nos. MTC.000535-541.  MTC has no documents regarding Warden Terry's investigation into Plaintiff's claims of discrimination or retaliation because Plaintiff made no such complaints during his employment at MTC.  MTC will supplement this response to produce Warden Terry's non-privileged correspondence regarding Plaintiff and the decision to include Plaintiff in the reduction in force.

**INTERROGATORY NO. 8:**  Identify by name, last known address, telephone number and job title the persons, other than those identified in the immediately preceding Interrogatory, who approved, authorized or ratified the decision to layoff or discharge Plaintiff or to, otherwise, separate Plaintiff from his employment with Defendant.

**ANSWER:**

Stephanie Hall, Corporate Director of Benefits, Jared Christensen, HR Manager, and Neil Adler, Vice President, Corrections, reviewed and/or approved Warden Terry's decision to lay Plaintiff off.  These individuals are currently employed at MTC and may be contacted through counsel for MTC.  Furthermore, ICE approved Warden Terry's proposal to eliminate positions (including Plaintiff's) for its contract renewal for the Otero County Processing Center.  MTC is unaware of all of the ICE employees who were specifically responsible for approving this proposal.

**REQUEST FOR PRODUCTION NO. 8A:**  Produce all of Defendant's files and subfiles, documents and electronic information which is kept and maintained on the persons

8

identified in the immediately preceding interrogatory, in their native electronic file formats and as kept in the usual course of business, including:

a.    that person's work absence and attendance log files,

b.    that person's employee evaluations and disciplinary files,

c.    all files created by Human Resources and those with HR functions showing any personnel action, such as promotions, transfers, pay changes, leave acceptances and denials. accommodations, investigations, terminations, lay offs, separations. etc., about that person,

d.    all files created by those with successive authority over that person including supervisors about the subject matters complained of in Plaintiff's lawsuit,

e.    all emails and attachments to and from that person's work email accounts about the subject matters complained of in Plaintiff's lawsuit,

f.    all text messages and instant messages from that person about Plaintiff,

g.    that person's training files,

h.    that person's applications and new hire orientation file,

i.    all witness statements taken by and from that person during all investigations about Plaintiff,

j.    all witness statements taken by and from that person concerning Plaintiff during all investigations about Plaintiff's reports and complaints during his employment with Defendant.

       **RESPONSE:**

       MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone.  MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

MTC further objects to this request because it seeks private personnel documentation that is harassing, burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, MTC states that it is not in possession, custody or control over ICE employees' personnel or other documents.  MTC further states that it has no documents regarding Ms. Hall, Mr. Christensen, or Mr. Adler's investigation into Plaintiff's claims of discrimination or retaliation because Plaintiff made no such complaints during his employment at MTC.  MTC will supplement this response to produce Ms. Hall, Mr. Christensen, and Mr. Adler's non-privileged correspondence regarding Plaintiff and the decision to include Plaintiff in the reduction in force.

**REQUEST FOR PRODUCTION NO. 8B:**   Produce all of Defendant's files and subfiles, and documents which is kept and maintained on the persons identified in the immediately preceding interrogatory including:

a.     that person's work absence and attendance log files,

b.     that person's employee evaluations and disciplinary files,

c.     all tiles created by Human Resources and those with HR functions showing any personnel action, such as promotions, transfers, pay changes, leave, acceptances and denials, accommodations, investigations, terminations, lay offs, separations, etc., about that person,

d.     all files created by those with successive authority over that person including supervisors about the subject matters complained of in Plaintiff's lawsuit,

e.     all emails and attachments to and from that person's work email accounts about the subject matters complained of in Plaintiff's lawsuit,

f.     all text messages and instant messages from that person about Plaintiff,

g.     that person's training files,

h.     that person's applications and new hire orientation file,

i.     all witness statements taken by and from that person during all investigations about Plaintiff,

10

j.   all witness statements taken by and from that person concerning Plaintiff during all investigations about Plaintiff's reports and complaints during his employment with Defendant.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

MTC further objects to this request because it seeks private personnel documentation that is harassing, burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Without waiving these objections, MTC states that it is not in possession, custody or control over ICE employees' personnel or other documents.  MTC further states that it has no documents regarding Ms. Hall, Mr. Christensen, or Mr. Adler's investigation into Plaintiff's claims of discrimination or retaliation because Plaintiff made no such complaints during his employment at MTC.  MTC will supplement this response to produce Ms. Hall, Mr. Christensen, and Mr. Adler's non-privileged correspondence regarding Plaintiff and the decision to include Plaintiff in the reduction in force.

**INTERROGATORY NO. 9:**  Identify and describe, verbatim, the policies and provide the factual bases pursuant to which Plaintiff was laid off, discharged or, otherwise, separated from employment kith Defendant.

**ANSWER:**

11

MTC objects to this interrogatory as being vague and confusing.  Without waiving these objections, MTC states that Plaintiff was laid off for the reasons stated in MTC's response to Interrogatory 5.  MTC further states that it has policies that address separation of employment and employee layoffs.   MTC's separation of employment and layoff policies in effect at the time of Plaintiff's lay off were previously produced as Bates No. MTC.000365-8 and MTC.000370.

**INTERROGATORY NO. 10:**   Identify by name, job title, last known address and telephone number Defendant's employees who, over the last 4 years, violated the policies identified and described in the immediately preceding interrogatory.

**ANSWER:**

MTC objects to this interrogatory as being vague and confusing.  Without waiving these objections, MTC states that no MTC employee violated its separation of employment and layoff policies within the past 4 years.

**REQUEST FOR PRODUCTION NO. 10A:**   Produce all of Defendant's files and subfiles, and documents which is kept and maintained on the persons identified in the immediately preceding interrogatory, in their native electronic file formats and as kept in the usual course of business, including:

a.    that person's work absence and attendance log files,

b.    that person's employee evaluations and disciplinary files,

c.    all files created by Human Resources and those with HR functions showing any personnel action, such as promotions, transfers, pay changes, leave acceptances and denials, accommodations, investigations, terminations, lay offs, separations, etc., about that person,

d.     all files created by those with successive authority over that person including supervisors about the subject matters complained of in Plaintiff's lawsuit,

e.     all emails and attachments to and from that person's work email accounts about the subject matters complained of in Plaintiff's lawsuit,

f.     all text messages and instant messages from that person about Plaintiff,

g.     that person's training files,

h.     that person's applications and new hire orientation file,

i.     all witness statements taken by and from that person concerning Plaintiff,

j.     all witness statements taken by and from that person concerning Plaintiff during all investigations about Plaintiff's reports and complaints during his employment with Defendant.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

Without waiving these objections, MTC states it has no responsive information because no individual was identified in the immediately preceding interrogatory.

**REQUEST FOR PRODUCTION NO. 10B:**   Produce all of Defendant's files and subfiles, and documents which is kept and maintained on the persons, identified in the immediately preceding Interrogatory, including:

a.     that person's work absence and attendance log files,

b.     that person's employee evaluations and disciplinary files,

13

c.    all files created by Human Resources and those with HR functions showing any personnel action, such as promotions, transfers, pay changes, leave acceptances and denials, accommodations, investigations, terminations, lay offs, separations, etc., about that person.

d.    all files created by those with successive authority over that person including supervisors about the subject matters complained of in Plaintiff's lawsuit,

e.    all emails and attachments to and from that person's work email accounts about the subject matters complained of in Plaintiff's lawsuit,

f.    all text messages and instant messages from that person about Plaintiff,

g.    that person's training files,

h.    that person's applications and new hire orientation file,

i.    all witness statements taken by and from that person during all investigations about Plaintiff.

j.    all witness statements taken by and from that person concerning Plaintiff during all investigations about Plaintiff's reports and complaints during his employment with Defendant.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

Without waiving these objections, MTC states it has no responsive information because no individual was identified in the immediately preceding interrogatory.

**INTERROGATORY NO. 11:**  Describe and identify any training, including by way of courses, classes or other mediums, whether formal or informal, which Defendant's agents and

14

employees have been provided on the subject of illegal discrimination made the basis of this lawsuit.

**ANSWER:**

MTC objects to this interrogatory as being overbroad in terms of scope and time and vague as to the phrase "the subject of illegal discrimination made the basis of this lawsuit." Without waiving these objections, and assuming that Plaintiff is referring to race discrimination, MTC states that it disseminates its policies regarding discrimination to all of its employees at the Otero County Processing Center and that the human resources personnel at the Otero County Processing Center provides additional training on these policies.   MTC policies regarding discrimination in effect during Plaintiff's employment at MTC were previously produced as Bates Nos.MTC.00126-350.   MTC's on-site training at the Otero County Processing Center on these policies included review of these policies, oral instruction, presentations, and video on the topics of discrimination/harassment/retaliation and ethics.   The presentation regarding harassment is produced herewith as Bates Nos.MTC.000449-478, and MTC will supplement its production to produce discrimination/harassment/retaliation and ethics videos.


**INTERROGATORY NO. 12:**   Identify by name, address, telephone number and job title, Defendant's agents or employees who have received any of the training described in the immediately preceding Interrogatory regarding illegal discrimination made the basis of this lawsuit.

**ANSWER:**

MTC objects to this interrogatory as being overbroad in terms of scope and time and vague as to the phrase "the subject of illegal discrimination made the basis of this lawsuit."

Without waiving these objections, and assuming that Plaintiff is referring to race discrimination, MTC states that all of its employees at the Otero County Processing Center receive copies of MTC's discrimination policies and additional training on the same.  MTC further states that documentation reflecting Plaintiff's receipt of MTC policies and training is contained in his personnel file, previously produced as Bates Nos. MTC.000001-000123, and the in service training rosters produced herewith as Bates Nos. MTC.000533-534.  Documentation reflecting Warden Terry's receipt of these policies and attendance at such training is contained in the documents produced herewith as Bates Nos. MTC.000535-541.

**INTERROGATORY NO. 13:**  Identify by name, last known address, telephone number and job title all persons in Defendant's Human Resources Department, or any such department charged with carrying out procedures or decisions regarding hiring, firing, discipline and employee benefits over the last five years, including but not limited to those carrying out the procedures or decisions relating to Plaintiff.

**ANSWER:**

MTC objects to this interrogatory as being vague, overly broad, burdensome, and harassing.  Without waiving these objections, MTC states that, with regard to the decision to lay Plaintiff off, Stephanie Hall, Corporate Director of Benefits, was the MTC human resources professional responsible for approving Warden Terry's decision.  Ms. Hall is currently employed at MTC and may be contacted through counsel for MTC.

**INTERROGATORY NO. 14:** Identify by name, last known address, telephone number, and date of birth the persons who took over Plaintiff's job duties.

16

**ANSWER:**

When Plaintiff's position was eliminated, his job duties were determined to have been redundant and MTC therefore did not need to task any of its employees with taking over Plaintiff's job duties.  The only job duty that Plaintiff had which required reassignment was his attendance at the monthly gang task force meetings.  Since the reduction in force, Captain Edward Ruiz has periodically attended the gang task force meetings.  Captain Ruiz (Hispanic) is currently employed at MTC and may be contacted through counsel for MTC.


**REQUEST FOR PRODUCTION NO. 14A:**  Produce all of Defendant's files and subfiles, documents and electronic information which is kept and maintained on the persons identified in the immediately preceding interrogatory, in their native electronic file formats and as kept in the usual course of business, including:

a.    that person's work absence and attendance log files,

b.    that person's employee evaluations and disciplinary files,

c.    all files created by Human Resources and those with HR functions showing any personnel action, such as promotions, transfers, pay changes, leave acceptances and denials, accommodations, investigations, terminations, lay offs, separations, etc., about that person,

d.    all files created by those with successive authority over that person including supervisors about the subject matters complained of in Plaintiff's lawsuit,

e.    all emails and attachments to and from that person's work email accounts about the subject matters complained of in Plaintiff's lawsuit,

f.    all text messages and instant messages from that person about Plaintiff,

g.    that person's training files,

h.    that person's applications and new hire orientation file,

i.    all witness statements by and from that person during all investigations about Plaintiff,

j.    all witness statements taken by and from that person concerning Plaintiff during all investigations about Plaintiff's reports and complaints during his employment with Defendant.

17

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

MTC further objects to this request because it seeks private personnel documentation that is harassing, burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, MTC states it has no documents regarding Captain Ruiz's investigation into Plaintiff's claims of discrimination or retaliation because Plaintiff made no such complaints during his employment at MTC.  MTC will supplement this response to produce Captain Ruiz's non-privileged correspondence regarding Plaintiff.

**REQUEST FOR PRODUCTION NO. 14B:**  Produce all of Defendant's files and subfiles, and documents which is kept and maintained on the persons, identified in the immediately preceding Interrogatory, including:

a.    that person's work absence and attendance log files,

b.    that person's employee evaluations and disciplinary files,

c.    all files created by Human Resources and those with HR functions showing any personnel action, such as promotions, transfers, pay changes, leave acceptances and denials, accommodations, investigations, terminations, lay offs, separations, etc., about that person,

d.    all files created by those with successive authority over that person including supervisors about the subject matters complained of in Plaintiff's lawsuit,

e.    all emails and attachments to and from that person's work email accounts about the subject matters complained of in Plaintiff's lawsuit,

f.    all text messages and instant messages from that person about Plaintiff,

g.    that person's training files,

h.    that person's applications and new hire orientation file,

i.    all witness statements taken by and from that person during all investigations about Plaintiff,

j.    all witness statements taken by and from that person concerning Plaintiff during all investigations about Plaintiff's reports and complaints during his employment with Defendant.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.

MTC further objects to this request because it seeks private personnel documentation that is harassing, burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, MTC states it has no documents regarding Captain Ruiz's investigation into Plaintiff's claims of discrimination or retaliation because Plaintiff made no such complaints during his employment at MTC.  MTC will supplement this response to produce Captain Ruiz's non-privileged correspondence regarding Plaintiff.

19

**INTERROGATORY NO. 15:** If in response to discovery you withheld any information, documents or material due to "privacy" or "confidentiality" concerns, or under a claim of privilege, describe the information. documents or material withheld and identify the privilege, if any, asserted for each item or group of items withheld.

**ANSWER:**

Once Plaintiff signs a confidentiality order, MTC will produce a redacted copy of the privileged audit conducted at the direction of counsel for MTC pursuant to a limited attorney client privilege waiver for information regarding Plaintiff's job classification, wages, and the allegations in Plaintiff's Complaint regarding his job classification, wages, and the Fair Labor Standard Act complaint. The redactions contain private and privileged information regarding other employees not at issue in this case.

**INTERROGATORY NO. 16:** Describe in reasonable detail the investigation and or investigations Defendant undertook into Plaintiffs claims of discrimination and or retaliation by providing the names, last known addresses and phone numbers of the investigators, the witnesses whom were identified, the date each witness was communicated with, the information received from each witness or document and the outcome of the investigation and/or investigations.

**ANSWER:**

MTC objects to this interrogatory to the extent that it seeks attorney client privileged information. Without waiving this objection, MTC states that it conducted no investigation prior to Plaintiff's filing of his EEOC charge because Plaintiff never complained of race

discrimination or retaliation during his employment or at any time before filing his EEOC charge.

**INTERROGATORY NO. 17:** Identify by name, job title, last known address and telephone number Defendant's employees who, over the last three (3) years, have received any type of leave, including the reasons for each leave, e.g. disability leave, pregnancy leave, military leave. worker's compensation injury leave, bereavement leave, personal leave or any other leave.

**ANSWER:**

MTC objects to this interrogatory as overbroad, burdensome, and because it seeks information that is neither relevant nor reasonably calculated to the discovery of admissible evidence.  Without waiving these objections, and pursuant to Federal Rule of Civil Procedure 33(d), a spreadsheet containing a list of employees at the Otero County Processing Center who have taken leave in the past three years is being produced herewith as Bates No. MTC.000446-448.

**REQUEST FOR PRODUCTION NO. 17A:**  Produce all of Defendant's files and subfiles, documents and electronic information which is kept and maintained on the persons identified in the immediately preceding interrogatory, in their native electronic file formats and as kept in the usual course of business, including:

a.     that person's work absence and attendance log files,

b.     that person's employee evaluations and disciplinary files,

21

c.     all files created by Human Resources and those with HR functions showing any personnel action, such as promotions, transfers, pay changes, leave acceptances and denials, accommodations, investigations, terminations, lay offs, separations, etc., about that person,

d.     all files created by those with successive authority over that person including supervisors about the subject matters complained of in Plaintiff's lawsuit,

e.     all emails and attachments to and from that person's work email accounts about the subject matters complained of in Plaintiff's lawsuit,

f.     all text messages and instant messages from that person about Plaintiff,

g.     that person's training files,

h.     that person's applications and new hire orientation file,

i.     all witness statements taken by and from that person during all investigations about Plaintiff,

j.     all witness statements taken by and from that person concerning Plaintiff during all investigations about Plaintiff's reports and complaints during his employment with Defendant.

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone.  MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.  MTC further objects to this request because it seeks extensive amounts of private personnel documentation that is harassing, burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22

**REQUEST FOR PRODUCTION NO. 17B:**   Produce all of Defendant's files and subfiles, and documents which is kept and maintained on the persons, identified in the immediately preceding Interrogatory, including:

a.    that person's work absence and attendance log files,

b.    that person's employee evaluations and disciplinary files,

c.    all files created by Human Resources and those with HR functions showing any personnel action, such as promotions, transfers, pay changes, leave acceptances and denials, accommodations, investigations, terminations, lay offs, separations, etc., about Plaintiff,

d.    all files created by those with successive authority over that person including supervisors about the subject matters complained of in Plaintiff's lawsuit,

e.    all emails and attachments to and from that person's work email accounts about the subject matters complained of in Plaintiff's lawsuit,

f.    all text messages and instant messages from that person about Plaintiff,

g.    that person's training files,

h.    that person's applications and new hire orientation file,

i.    all witness statements taken by and from that person during all investigations about Plaintiff.

j.    all witness statements taken by and from that person concerning Plaintiff during all investigations about Plaintiff's reports and complaints during his employment with Defendant.

**If the documents to be produced do not exist in native electronic format, produce the above requested documents in a searchable [.PDF or .TIFF] format with logical unitization preserved.**

**RESPONSE:**

MTC objects to this request because Plaintiff has submitted 152 requests for productions (including discrete subparts) in violation of the parties' agreed-upon Joint Status Report, which is also unduly burdensome to MTC.  MTC is not withholding any documents on this basis alone. MTC further objects to this request because Plaintiff has submitted another request seeking the same information but in another format in violation of Federal Rule of Civil Procedure

23

34(b)(2)(E)(iii).  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(iii), MTC will produce its responsive electronically stored documents in one form of its choosing.  MTC further objects to this request because it seeks extensive amounts of private personnel documentation that is harassing, burdensome, and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____
      Charles J. Vigil
      Krystle A. Thomas
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone:  (505) 765-5900
Facsimile:  (505) 768-7395
*Attorneys for Defendant*

24