## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO ORTEGA,

    Plaintiff,

v.       No. 16-cv-0665 MV/SMV

MANAGEMENT AND TRAINING
CORPORATION,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Plaintiff's Motion to Compel Discovery [Doc. 17], filed October 3, 2016. Defendant responded on October 20, 2016. [Doc. 18]. Plaintiff replied on November 7, 2016. [Doc. 19]. The Court heard argument from the parties at a hearing on the motion on January 5, 2017. Having considered the briefing, the parties' argument at the hearing, the relevant law, and being otherwise fully advised in the premises, the Court will GRANT IN PART and DENY IN PART Plaintiff's Motion to Compel.

In his motion, Plaintiff asks the Court to compel Defendant to (1) produce electronically stored information in its native format (that is, electronically), in addition to the hard copy format in which Defendant has already produced the requested documents; and (2) produce copies of the personnel files of those employees who had authority over Plaintiff's discharge, including

evidence of any disciplinary actions taken against such employees. [Doc. 17] at 4–8.[1] These issues are addressed in turn.

### Production of Electronically Stored Documents in Electronic Format

Plaintiff requests that the Court compel Defendant to produce requested documents in the manner in which they are ordinarily kept; that is, Plaintiff requests that information kept electronically in "the usual course of business" be produced electronically. [Doc. 17] at 4–7. Plaintiff contends that Defendant has produced only in hard copy documents that Defendant kept electronically. *Id.* at 6–7.

During oral argument at the hearing on January 5, 2017, counsel for Plaintiff acknowledged that Defendant need not produce documents *both* electronically *and* via hard copy; Plaintiff maintains, however, that Defendant should be compelled to produce electronically any document kept electronically in the normal course of business, even where Defendant has already produced such documents in hard copy format. At oral argument, counsel for Defendant stated that Defendant has produced in hard copy all requested documents that are ordinarily kept in hard copy and has produced electronically all requested documents that are ordinarily kept electronically. Defendant further stated that, with respect to documents ordinarily kept by Defendant both electronically and in hard copy, Defendant produced such documents in hard copy format only. This last category of documents is the heart of the parties' dispute.

---

[1] In his motion, Plaintiff also asks the Court to compel Defendant to respond to Plaintiff's Requests for Production ("RFPs") 11–13 (communications by employees of Defendant relating to Plaintiff). [Doc. 17] at 9. At the hearing on January 5, 2017, the Court clarified with counsel for both parties that, as the briefing indicated, Defendant will produce documents in response to RFPs 11–13. Counsel for Plaintiff noted that Defendant agreed to produce the documents subject to a confidentiality order, and the parties have not yet entered into a confidentiality order. Counsel for Defendant added that Defendant has provided a draft confidentiality order to Plaintiff, and Plaintiff has neither objected to the form of the order nor agreed to it. Given that the parties are working toward finalizing a confidentiality order with respect to the requested documents and that there is no dispute currently before the Court as to the confidentiality order, the Court will not address RFPs 11–13 in this Order.

Rule 34 does not require the producing party to produce documents in multiple formats. Fed. R. Civ. P. 34(b)(2)(E)(iii). Nor does Rule 34 require the producing party to produce electronically stored documents in the form in which they are ordinarily maintained. Fed. R. Civ. P. 34(b) advisory committee's note to 2006 amendment. Rather, the producing party is required only to produce such documents in a "reasonably usable form"; it cannot convert electronically stored information "to a different form that makes it more difficult or burdensome for the requesting party" to use the documents. *Id.* Defendant's production of hard copy versions of documents kept both electronically and in hard copy does not run afoul of Rule 34.

Plaintiff's motion is DENIED as to Plaintiff's request for electronic versions of documents maintained by Defendant in both electronic and hard copy formats, where Defendant has already produced such documents in hard copy format.[2]

### Production of Personnel Files of Those Employees who had Authority over Plaintiff's Discharge

Plaintiff also requests that the Court compel Defendant to produce the personnel files of those employees who had authority over Plaintiff's discharge, including documentation of any disciplinary actions against such employees. [Doc. 17] at 7–8. Plaintiff acknowledges Defendant's representation that the files of the pertinent employees—Warden Terry, Stephanie Hall, Jared Christensen, and Neil Adler—contain no disciplinary actions or similar write-ups regarding the discharge of Plaintiff. However, citing case law outside the Tenth Circuit, Plaintiff maintains that the personnel files are still relevant because prior disciplinary actions, though not in relation to Plaintiff's discharge, could show an employee's state of mind or habit of engaging

---

[2] Though Defendant is not obligated to do so, the Court encourages Defendant to produce electronic versions of these documents, to the extent it can do so without incurring significant expense.

in discriminatory practices.  Defendant argues that these documents are not relevant because they do not pertain to the termination of Plaintiff in this case.  [Doc. 18] at 5.  Defendant further asserts the privacy interests of the employees, noting that Plaintiff's request encompasses medical, financial, and other highly personal information.  *Id.*  Finally, Defendant notes the significant cost and burden of production.  *Id.*

Neither party cites Tenth Circuit case law on this issue.  While Plaintiff cites two non-binding cases that address the issue, they point in opposite directions, and neither sets out a firm rationale for the conclusion reached.  *See* [Doc. 17] at 7–8.  *Compare Hill v. Motel 6*, 205 F.R.D. 490, 495 (S.D. Ohio 2001) (holding, in a disparate treatment case, that the plaintiff was entitled to discovery of the personnel files of those employees who participated in the decision to terminate the plaintiff), *with Vann v. Mattress Firm*, 2014 WL 1365943, at *4 (S.D. Tex. Apr. 7, 2014) (unpublished) (holding, also in a disparate treatment case, that the plaintiff was *not* entitled the discovery of the personnel files of those employees involved in the decision to terminate the plaintiff because such documents would not "assist plaintiff in her effort to show that she was treated less favorably than similarly situated employees outside of her protected class").

The Court finds that another case deciding this issue, *Abrego v. Waste Management of Texas, Inc.*, 2012 WL 2402890, at *1 (N.D. Tex. June 26, 2012) (unpublished), is more instructive, and the Court adopts its reasoning.  In *Abrego*, as in *Vann*, the court denied the plaintiff's motion to compel discovery of the personnel files of those involved in the plaintiff's termination.  *Id.*  It clarified that its decision was based on the representation of the defendant in that case that the requested records did not contain:

> (1) the reasons for plaintiff's termination; (2) any complaints of harassment or retaliation by plaintiff or any other [employee of defendant]; (3) any discipline received by the supervisor in response to complaints of discrimination or retaliation; or (4) any discipline received by the supervisor for failure to properly investigate or respond to complaints of discrimination or retaliation.

*Id.* The court's decision in *Abrego* strikes an appropriate balance between a plaintiff's need for discovery and the privacy interests of the employees whose records are sought, and the Court will adopt its approach in the present case.

Plaintiff's motion is GRANTED IN PART and DENIED IN PART as to Plaintiff's request for the personnel files of the employees who were involved in the termination of Plaintiff. The motion is granted as to any portions of the personnel files of Warden Terry, Ms. Hall, Mr. Christensen, and Mr. Adler that pertain to either the reasons for Plaintiff's termination or past complaints of racial harassment or racial discrimination, as set out specifically in the orders below. The motion is denied as to any other portions of such employees' personnel files.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to certain portions of the personnel files of Warden Terry, Ms. Hall, Mr. Christensen, and Mr. Adler, in accordance with the below orders. The motion is denied as to any other portions of such employees' personnel files. The motion is further denied as to Plaintiff's request for electronic versions of documents maintained by Defendant in both electronic and hard copy formats, where Defendant has already produced such documents in hard copy format. Each side will bear its own costs and fees.

**IT IS FURTHER ORDERED** that no later than **January 20, 2017**, Defendant must serve a supplemental response to Plaintiff's RFPs 7A–8B stating whether the personnel files of Warden Terry, Ms. Hall, Mr. Christensen, and Mr. Adler contain (1) any reason for Plaintiff's termination; (2) any complaints of racial harassment or racial discrimination by Plaintiff or any other employee of Defendant; (3) evidence of any discipline received by these individuals in response to complaints of racial harassment or racial discrimination; or (4) evidence of any discipline received by these individuals for failure to properly investigate or respond to complaints of such harassment/discrimination.

**IT IS FURTHER ORDERED** that if Defendant certifies under Rule 11 that no such document exists, Defendant need not produce any portion of the personnel files requested by Plaintiff. If any such documents do exist, Defendant must produce all such documents, subject to a confidentiality order. If the parties are unable to agree to a confidentiality order, the parties must bring their dispute to the attention of the Court before January 20, 2017.

**IT IS FURTHER ORDERED** that after any such documents are produced, if Plaintiff believes good cause exists to look at any further portions of the personnel files, Plaintiff may file another motion to compel. Plaintiff will bear the burden of showing that good cause exists for any further production of documents.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**