**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ALEJANDRO ORTEGA,**

    **Plaintiff,**

**v.**                                                                                          **No. 16-cv-0665 MV/SMV**

**MANAGEMENT AND TRAINING
CORPORATION,**

    **Defendant.**

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Defendant's Motion to Compel Discovery from Plaintiff [Doc. 33], filed March 8, 2017. Plaintiff responded on March 22, 2017. [Doc. 34]. Defendant replied on March 29, 2017. [Doc. 35]. The Court heard argument from the parties at a hearing on the motion on July 26, 2017. The Court has considered the briefing, the relevant portions of the record, the parties' oral argument at the hearing, and the relevant law. Being otherwise fully advised in the premises and for the reasons stated on the record at the July 26, 2017 oral argument,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Compel Discovery [Doc. 33] is **GRANTED IN PART and DENIED IN PART**, as follows:

1. Defendant's motion is GRANTED as to Interrogatory 3. Plaintiff must provide, no later than **August 16, 2017**, a supplemental answer to Interrogatory 3 with respect to Plaintiff's post-MTC employers. If Plaintiff has nothing to add beyond that already set out in his deposition testimony, he may simply refer to the deposition testimony in his supplemental answer.

2. Defendant's motion is DENIED as to Interrogatories 4 and 11.

3. Defendant's motion is GRANTED IN PART as to Interrogatory 27.  Plaintiff must obtain all medical records from all healthcare providers who have treated Plaintiff since his termination from MTC.  Plaintiff must produce to Defendant a list of all such providers.  Additionally, Plaintiff must produce all such medical records that specifically reference any emotional or psychological condition.  Plaintiff may withhold all other medical records (i.e., those related to physical injury or conditions unrelated to the emotional distress claim), but Plaintiff must provide to Defendant a detailed privilege log that complies with D.N.M.LR-Civ. 26.3(e).  Plaintiff must produce the list of providers, relevant records, and privilege log to Defendant no later than **September 25, 2017**.  Defendant may renew its request if subsequent discovery suggests that a physical condition relates to the emotional distress claim.

4. Defendant's motion is DENIED as to Requests for Production 14 and 15.

5. Defendant's motion is GRANTED as to Interrogatory 28.  Plaintiff must provide, no later than **August 16, 2017**, full and complete answers to Interrogatory 28 with regard to (1) the position statement produced by MTC as Bates No. MTC.000408 and (2) the payroll document produced by MTC as Bates Nos. MTC.000479–505.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 37(a)(5)(C), no expenses will be awarded.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**