IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO ORTEGA,

    Plaintiff,

v.                                                         No. 16-cv-0665 MV/SMV

MANAGEMENT AND TRAINING
CORPORATION,

    Defendant.

## ORDER DENYING PLAINTIFF'S
## MOTION TO QUASH AND FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Quash and for Protective Order [Doc. 47], filed August 15, 2017. Defendant responded on August 29, 2017. [Doc. 50]. Plaintiff replied on September 11, 2017. [Doc. 52]. The Court has considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, the Court finds that the Motion is not well-taken and will be DENIED.

**I.    BACKGROUND**

In this action Plaintiff sues his former employer, Management and Training Corporation ("MTC"), for race discrimination and retaliation. Defendant operates the Otero County Processing Center. Plaintiff worked for Defendant as a Gang Intelligence Sergeant from October 2009 until his termination in February 2014. He claims he was wrongfully terminated on the basis of his race or retaliation for filing a Fair Labor Standards Act complaint against Defendant. He seeks economic damages for back pay, emotional distress, and punitive damages.

Defendant denies Plaintiff's claims and asserts that it had legitimate, non-discriminatory grounds for terminating Plaintiff.

Defendant has raised the affirmative defense of failure to mitigate damages and has sought discovery on Plaintiff's post-MTC employment and wages. Plaintiff has had three other employers since his termination from Defendant. Defendant asked Plaintiff to sign an employment records release so that Defendant could obtain his employment records from those subsequent employers. Plaintiff refused to provide the release. Defendant subsequently served subpoenas on the three employers. The subpoenas seek:

> A copy of Plaintiff Alejandro Ortega's complete personnel file including, but not limited to job applications, contracts of agreement or employment, performance evaluation reports, payroll records, W-2 forms, and all other information and/or records, reports, or memoranda on file of every kind and character, and opinions, written or oral, etc., regarding Mr. Ortega's employment.

[Doc. 47] at 3.

Plaintiff filed this motion for a protective order quashing the subpoenas on the grounds that production of his personnel records would cause "annoyance, embarrassment, and oppression." *Id.* at 6. Additionally, Plaintiff claims that his personnel records from subsequent employers are irrelevant and "have [no] bearing on the claims and defenses asserted in this matter." *Id.* Defendant argues that the requested documents are relevant to Plaintiff's claim for lost wages and whether he properly mitigated his damages. [Doc. 50] at 2–3.

## II. ANALYSIS

### A. Legal Standards

#### 1. Fed. R. Civ. P. 45

Rule 45 provides for the issuance of subpoenas to third parties. A court may quash or modify a subpoena that requests privileged or protected information or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena. It is generally accepted, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34. *See, e.g., Frick v. Henry Indus., Inc.*, 2016 WL 6966971, at *2 (D. Kan. Nov. 29, 2016) (unreported); Fed. R. Civ. P. 45(d)(1) advisory committee's note to 1970 amendment (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"); *see also* 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.) (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rules 26(b) and 34). Thus, the court must examine whether a request contained in a subpoena is overbroad or seeks irrelevant information under the same standards as set forth in Rule 26(b) and as applied to Rule 34 requests for production. *See Phalp v. City of Overland Park, Kan.*, 2002 WL 1162449, at *3–4 (D. Kan. May 8, 2002) (unreported) (applying general principles of overbreadth and irrelevance to subpoena).

### 2. Fed R. Civ. P. 26

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Federal courts have held that the scope of discovery under Rule 26 is broad. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. 2004) ("The federal courts have held that

the scope of discovery should be broadly and liberally construed to achieve full disclosure of all potentially relevant information.").

A district court is not, however, required to permit a party to engage in a "fishing expedition" in the hope of supporting a claim or defense. *McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002); *see Hardrick v. Legal Servs. Corp*., 96 F.R.D. 617, 618 (D.D.C. 1983) (noting that courts do, and should, remain concerned about "fishing expeditions, discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests" (internal quotation marks omitted)). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez*, 50 F.3d at 1520 (internal quotation marks omitted).

### B. Plaintiff has failed to show that the production of his personnel records would cause annoyance, embarrassment or oppression.

Rule 26(c) provides that, upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which order may include forbidding disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A); *accord Miller v. Regents of the Univ. of Colo*., 188 F.3d 518, 1999 WL 506520, at *12 (10th Cir. 1999) (unpublished table decision) (reasoning that "[t]he district court is in the best position to weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties").

"It is the party seeking the protective order who has the burden to show good cause for a protective order." *Velasquez v. Frontier Med. Inc.*, 229 F.R.D. 197, 200 (D.N.M. 2005). The

party seeking the protective order must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (internal quotation marks omitted).

Here, Plaintiff makes no effort to establish good cause. His conclusory claims that production of his personnel records would cause "annoyance, embarrassment, and oppression" are insufficient to satisfy his burden under Rule 26(c). *See, e.g., Parker v. Delmar Gardens of Lenexa, Inc.*, 2017 WL 1650757 (D. Kan. May 2, 2017).

### C. The requested personnel records are relevant and discoverable.

Plaintiff's main objection to the subpoenas is based on relevancy. He argues:

> **Nor do the business documents generated by Plaintiff's subsequent employers have any bearing on the claims and defenses asserted in this matter.** These requests from subsequent employers would not produce evidence as to a previous employer's, i.e., Defendant's, motivation for discriminating against Employee Ortega. The broad nature of Defendant's requests shows its motivation: Defendant is clearly trying to dig up dirt that is not relevant to any of the claims or defenses raised in this lawsuit, and that is not proper for any party. . . . Further, Supreme Court authority forecloses use of these subpoenas to merely dig up dirt. *See supra.*

[Doc. 47] at 6 (emphasis in original) (internal citations omitted). The "see supra" reference is to *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), a case that Plaintiff both misreads and misapplies.

In *McKennon*, an action brought under the Age Discrimination in Employment Act (ADEA), the Supreme Court held that after-acquired evidence of employee wrongdoing may not bar liability for employment discrimination, though it may limit the plaintiff's remedies if the employer can establish that the later-discovered misconduct would have resulted in plaintiff's

termination anyway. *Id*. at 362. Under *McKennon*, information that an employer learns after it has discharged an employee is not relevant to the determination of whether an employer violated Title VII because it necessarily played no role in the actual decision. *Id*. at 358–60. Nevertheless, if an employer learns of employee wrongdoing after it has fired that employee, and it can prove that the "wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge," the employee may not obtain front pay or reinstatement and may also be denied back pay to which she would otherwise be entitled. *Id*. at 361–62.

That is the holding in *McKennon*. Immediately following that holding, the Court went on to say, in dictum, "The concern that employers might routinely undertake extensive discovery into an employee's background or job performance to resist ADEA claims is not insubstantial, but the courts' authority to award attorney's fees under §§ 216(b) and 626(b) and to invoke the appropriate provisions of the Federal Rules of Civil Procedure will likely deter most abuses." *Id*. at 353. It is important to note that the holding in *McKennon* had nothing to do with the scope of Rule 45 or discovery in general. Those issues were simply not before the Court.

Nonetheless, numerous courts have relied on the dictum in *McKennon* to frame a doctrine that discovery is not warranted for the *sole* purpose of developing a possible after-acquired evidence defense. *See generally Pena v. Burger King Corp*., 2012 WL 12547064, at *2 (E.D. Va. Sept. 21, 2012) (unreported) (compiling cases). Plaintiff relies on a number of such cases in support of his argument that Defendant's subpoenas should be quashed. *See* [Doc. 47] at 3–5; [Doc. 52] at 1–2. His reliance on these cases is misplaced.

6

Nearly all the cases cited by Plaintiff share two things in common. First, in all but one of the cases,[1] the defendant was trying to subpoena personnel records from *previous* employers. Second, in each of the cases, the defendant could articulate no justification for the discovery other than to support an after-acquired evidence defense, *e.g., Premer v. Corestaff Services, L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005) ("Defendant seeks to use the information obtained from the subpoenaed records to assist in establishing an after-acquired evidence defense."), or to find evidence to impeach the plaintiff's credibility, *e.g., Reynolds v. York*, 2004 WL 1490040, at *1 (N.D. Tex. July 2, 2004) (unreported). Defendant in this case does not seek records from previous employers; all three subpoenas in question are directed to subsequent employers, i.e., employers for whom Plaintiff has worked since his termination at MTC. Defendant has not raised an after-acquired evidence defense, nor has it tried to justify the requested discovery on those grounds. It argues that Plaintiff's personnel records are relevant to his claim for back wages and whether he has properly mitigated his damages. The Court agrees with Defendant; the records are clearly relevant. *See, e.g.*, *Kear v. Kohl's Dep't Stores, Inc.*, 2013 WL 628331, at *2–3 (D. Kan. Feb. 20, 2013) (unreported):

> The Court is sympathetic to Plaintiff's concerns regarding the harassment factor of the subpoena at issue. The potential for misuse of this procedure by a former employer is obvious. Even so, the Court finds that the overriding principle that will determine this issue is whether Defendant has established the relevance of the

---

[1] The exception is *Perry v. Best Lock Corp.*, 1999 WL 33494858 (S.D. Ind. Jan. 21 1999) (unreported), in which the defendant attempted to subpoena plaintiff's personnel records from 19 previous and subsequent employers, including her current employer. The defendant sought the records "(a) 'to formulate any possible after-acquired evidence defense,' (b) 'to investigate any previous disciplinary problems of plaintiff,' and/or (c) to 'confirm if Plaintiff has a penchant for bringing frivolous claims against her employers.'" *Id*. at 2. The court emphasized that defendant had no basis for believing such information existed; defendant was simply hoping that something helpful would turn up. *Id*. In other words, it was a classic "fishing expedition." The court quashed the subpoenas after finding that the potential burden of the proposed discovery outweighed its "marginal and attenuated relevance." *Id*. at 3. In this case, Defendant seeks to subpoena three subsequent employers whose records will most likely contain evidence bearing on Plaintiff's claims for economic damages and emotional distress.

> requested information. . . . Plaintiff's employment records with her current employer are undeniably relevant on their face for a variety of reasons—statements she may have made regarding her past employment, information relating to her potential economic damages, information regarding potential on-going emotional damages, etc. Despite the fact that there is a *potential* for Plaintiff to be annoyed, embarrassed or harassed as a result of the subpoena, Plaintiff does not—and cannot—establish that this will actually occur. Thus, this potential annoyance to Plaintiff does not outweigh Defendant's showing of the obvious relevance of the information requested.

Plaintiff also argues that the subpoenas should be quashed because Defendant already has the requested information. He bases this argument on the fact that he has answered interrogatories and testified at his deposition about his subsequent employment, including why he voluntarily left two of his three subsequent employers. *See* [Doc. 52] at 3. There is nothing improper about seeking information through multiple discovery devices, and Plaintiff cites no authority to the contrary. Parties routinely obtain information from third parties to corroborate or refute information previously provided through discovery.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Quash and for Protective Order [Doc. 47] is **DENIED.**

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 37(a)(5), no expenses will be awarded.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**